**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VIRGIL HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-01138-RWS |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Virgil Hall for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court form.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who was convicted by a jury of a single count of possession with intent to distribute cocaine. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah June 9, 2011). On May 2, 2012, an amended judgment was entered, sentencing plaintiff to 120 months' imprisonment and 60 months' supervised release. The United States Court of Appeals for the Tenth Circuit affirmed plaintiff's conviction on January 25, 2013. *United States v. Hall*, No.

11-4195 (10th Cir. 2013). The Supreme Court denied his petition for writ of certiorari on June 17, 2013. *Hall v. United States*, No. 12-10310 (2013).

On May 12, 2014, plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Hall v. United States*, No. 2:14-cv-364-TS (D. Utah). The motion was denied on December 29, 2014. The United States Court of Appeals for the Tenth Circuit denied his request for a certificate of appealability. *United States v. Hall*, No. 15-4008 (10th Cir. 2015). The Supreme Court denied plaintiff's petition for writ of certiorari on November 2, 2015. *Hall v. United States*, No. 15-6187 (2015).

On March 11, 2016, plaintiff filed a motion to modify his sentence, which was denied on March 24, 2016. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The United States Court of Appeals for the Tenth Circuit denied his request for a certificate of appealability. *United States v. Hall*, No. 16-4049 (10th Cir. 2016).

Plaintiff filed a motion to set aside judgment under Fed. R. Civ. P. 60(d)(3) on January 10, 2018. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The district court construed the motion as an unauthorized second or successive 28 U.S.C. § 2255 motion, and denied it on January 22, 2018.

On November 13, 2018, plaintiff's supervised release was transferred to the United States District Court for the Eastern District of Missouri. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). He filed a motion for early termination on July 12, 2019. The motion was denied on July 29, 2019. On January 8, 2020, following revocation of his supervised release, plaintiff was sentenced to three months' imprisonment and 54 months' supervised release.

Meanwhile, on September 20, 2021, plaintiff filed a motion to set aside judgment in the District of Utah. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The district court denied

3

the motion on October 18, 2021, determining that it was an unauthorized second or successive 28 U.S.C. § 2255 motion. Plaintiff filed a notice of appeal, and the district court denied his request for a certificate of appealability on November 12, 2021. The appeal is still pending.

On April 30, 2021, plaintiff's supervised release was again revoked. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). The district court sentenced him to six months' imprisonment and 12 months' supervised release.

Plaintiff filed the instant action on September 20, 2021.

## The Complaint

Plaintiff brings this civil action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, naming six separate defendants: (1) the United States of America; (2) the State of Utah; (3) Washington County Purgatory Correctional Facility; (4) the Davis County Jail; (5) the Iron County Jail; and (6) the Department of Justice. The complaint is typewritten but not on a Court-provided form. The complaint is 20 pages long, and consists of another 51 pages of exhibits.

In the complaint, plaintiff asserts three grounds for relief. (Docket No. 1 at 3). First, he states that the "[n]amed defendants did not assure fairness [to him] when making any determinations about [him] with such accuracy, relevance, timeliness, and completeness," in violation of 5 U.S.C. § 552(e)(5). Second, he claims that the "[n]amed defendants did not assure fairness in any determination relating to the qualification, character, rights, or opportunity [or] benefits to [him] that may be made on the basis of such records, and consequently determination is made which is adverse to [him]," in violation of 5 U.S.C. § 552a(g)(1)(C). Third, plaintiff appears to be making another collateral attack on his conviction, arguing that his "due process

4

throughout his criminal procedures has been violated…rendering the criminal and revoked supervise[d] release judgment void."

Under 5 U.S.C. § 552 and 5 U.S.C. § 552a, plaintiff requests access to, disclosure of, release of, and the opportunity to inspect numerous different records, including written notes regarding co-defendant Larry Woods; chain of custody documents; grand jury testimony; exculpatory evidence; *Brady/Giglio* material favoring him; material concerning the drugs seized during plaintiff's arrest; all probable cause filed against him; "[p]roduction of documents, written, typed, electronic version of any and all emails, letters, memos, rough notes and any form of communication with the DEA, U.S. Attorney's Office, State Attorney's Office and [his] defense counsels" with regard to him; and the charges and dates of confinement and detention from all the facilities named as defendants.

In the section of his complaint titled "Memorandum in Support," plaintiff asserts a violation of the Privacy Act against an Assistant United States Attorney for disclosing his indictment on PACER. (Docket No. 1 at 4). According to him, he "suffered actual damages" from this disclosure "when the judicial system got the impression that [he] owned and forfeited the property and money, which shows knowingly and intentionally in the charge of possession with intent, obtaining an alleged indictment and having [him] convicted and wrongfully incarcerated." (Docket No. 1 at 5).

Plaintiff goes on to request that the State of Utah make a "full disclosure" of what "they disclosed to the Government." (Docket No. 1 at 6). He accuses "the State of Utah and the Government [of] failing to maintain and regulate the collection, [maintenance], use and dissemination of information about [him] and his conviction," resulting in violations of the Fourth,

5

Fifth, and Sixth Amendments. Plaintiff concludes that he was prejudiced, resulting in a "wrongful incarceration" and "a void judgment."

Beyond the FOIA and the Privacy Act, plaintiff also asserts a due process violation concerning forfeiture. (Docket No. 1 at 7). He argues that the record "conclusively" supports the contention that his co-defendant took "full responsibility for the truck, money and drugs." (Docket No. 1 at 8). Plaintiff further asserts that the "government failed to present any evidence at trial about the truck or money and did falsify the drugs."

Plaintiff next suggests that he has newly discovered evidence, apparently consisting of a Washington County Sheriff's Office Summary Report. (Docket No. 1 at 8-9). This report came from a FOIA request he made and could not have been presented in a prior motion. (Docket No. 1 at 10). According to plaintiff, the report shows that he was held for an unreasonably long duration without a warrant. (Docket No. 1 at 10-11). All told, he calculates that he endured "over a year of unreasonable…detention, due to the government waiting on a guilty plea out of an [actually innocent] man." (Docket No. 1 at 11).

With regard to plaintiff's initial appearance in court, he alleges that he was not read the indictment. (Docket No. 1 at 13). As to a detention hearing, plaintiff states that he was not present for a detention hearing on December 21, 2010, and that a December 22, 2010 hearing never happened. (Docket No. 1 at 15). He then questions the purpose of a December 20, 2010 hearing.

Additionally, plaintiff claims that his criminal conviction constitutes a "void judgment." (Docket No. 1 at 17). In support, he refers to "inaccurate, incomplete, and untimely records[,] along with due process violations" and the continuing misconduct of the government.

In the "Argument" section of his complaint, plaintiff contends that he cannot prove "actual innocence" when state and federal agencies do not respond, or do not have records. (Docket No. 1

6

at 18). He alleges that the purpose of the "FOIA is to assure fairness to the individual" regarding the records pertaining to him, and to "guide the record holder accordingly in maintaining and disclosing along with determinations made from and not to be adverse." Here, plaintiff asserts that "the State of Utah disclosed records with the Government concerning [him], who in turn made adverse determinations and abused its authority." He contends that the "docket sheet shows" an "incomplete entry of [arraignment]" and a "warrantless arrest that denied due process." (Docket No. 1 at 19). Plaintiff believes that he received "an unfair [arraignment], trial sentencing, and post-conviction relief," and that "[a]ny judge in any court can over turn a void judgment."

Attached to the complaint are numerous exhibits, which the Court has reviewed. (Docket No. 1-1). The exhibits include: the initial appearance transcript from December 20, 2010; the detention hearing transcript from December 21, 2010; a transport log from the Washington County Sheriff's Office in Hurricane, Utah; FOIA requests to an Assistant United States Attorney in Utah, the Iron County Attorney's Office in Utah, the Department of Justice in Washington, D.C., the Davis County Jail in Utah, the Washington County Purgatory Correctional Facility in Utah, and the Iron County Sheriff in Utah; an August 17, 2021 letter from the Federal Bureau of Investigation, responding to plaintiff's FOIA/Privacy Act request, and advising him they had not identified any records responsive to his request; a July 25, 2021 letter from the U.S. Department of Justice in the District of Utah, advising plaintiff that his FOIA request had been forwarded to Washington, D.C.; the docket sheet for *United States v. Hall*, 2:10-cr-1109-TS (D. Utah); a sworn affidavit signed by plaintiff on May 8, 2014; a Washington County Sheriff's Office Booking Summary Report; a Washington County Jail Warrantless Arrest Probable Cause Statement dated December 20, 2010; a Washington County Jail Release and Hold Harmless Agreement dated June 7, 2011; a Washington County Jail Warrantless Arrest Probable Cause Statement dated September

7

7, 2011; a Washington County Jail Release and Hold Harmless Agreement dated November 29, 2011; a declaration authored by Assistant United States Attorney Paul Kohler; and a copy of the indictment in *United States v. Hall*, 2:10-cr-1109-TS (D. Utah).

Based on these allegations and exhibits, plaintiff asserts that a miscarriage of justice has occurred, and seeks a hearing and unspecified relief.

## Discussion

Plaintiff brings this civil action pursuant to the FOIA and the Privacy Act, while also asserting a number of constitutional violations. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the complaint is deficient, and plaintiff will be directed to file an amended complaint on a Court form.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient for four different reasons. First, it is not on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff has not complied with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). *See also Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). Instead of a short and plain statement, plaintiff has presented a lengthy complaint that contains extraneous material, case citations, and legal arguments. While purporting to bring this action under the FOIA and the Privacy Act, he confusingly intermingles claims regarding constitutional violations and a void judgment.

8

Second, and relatedly, it is difficult to discern what plaintiff is accusing each specific defendant of doing or failing to do. That is, plaintiff often refers to all the defendants as a single group. Furthermore, while plaintiff requests access to a number of documents, it is not always clear which defendant has the document he is seeking.

Third, to the extent that plaintiff is seeking information from non-federal agencies such as the State of Utah, the Washington County Purgatory Correctional Center, the Davis County Jail, and the Iron County Jail, the FOIA and Privacy Act do not provide relief. That is, both acts cover federal agencies only. *See Milner v. Department of Navy*, 562 U.S. 562, 564 (2011) (explaining that the FOIA "requires *federal* agencies to make Government records available to the public, subject to nine exemptions for specific categories of material") (emphasis added); *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) (explaining that the FOIA "accords any person a right to request any records held by a *federal* agency") (emphasis added); *Doe v. Chao*, 540 U.S. 614, 616 (2004) ("The United States is subject to a cause of action for the benefit of at least some individuals adversely affected by a *federal* agency's violation of the Privacy Act of 1974") (emphasis added); and 5 U.S.C. § 551(1) (defining "agency" to mean "each authority of the Government of the United States…").

Finally, to the extent that plaintiff is challenging his conviction and supervised release revocation as a "void judgment," such a contention is not properly before the Court under the FOIA and the Privacy Act. *See Hulstein v. Drug Enforcement Admin.*, 671 F.3d 690, 694 (8th Cir. 2012) (explaining that the purpose of the FOIA is to permit access to official information that has been unnecessarily shielded from public view); and *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012) explaining that the Privacy Act "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies"). If plaintiff wishes to

9

make a collateral attack on his conviction and sentence, he must do so using the proper vehicle for such challenge.

As plaintiff is a self-represented litigant, he will be given an opportunity to cure these deficiencies by filing an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. For

example, if plaintiff is bringing a FOIA claim, he should list the federal agency and the particular records he is seeking.

The Court notes that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim." *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). As such, he should take care to make specific allegations as to each named defendant, rather than treating the defendants as a single group.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 18th day of January, 2022.

                                                        RODNEY W. SIPPEL
                                                        UNITED STATES DISTRICT JUDGE