# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VIRGIN HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-01138-RWS |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the amended complaint filed by plaintiff Virgil Hall pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will transfer this case to the United States District Court for the District of Utah.

## Background

Plaintiff is a self-represented litigant who was convicted by a jury of a single count of possession with intent to distribute cocaine. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah June 9, 2011). On May 2, 2012, an amended judgment was entered, sentencing plaintiff to 120 months' imprisonment and 60 months' supervised release. The United States Court of Appeals for the Tenth Circuit affirmed plaintiff's conviction on January 25, 2013. *United States v. Hall*, No. 11-4195 (10th Cir. 2013). The Supreme Court denied his petition for writ of certiorari on June 17, 2013. *Hall v. United States*, No. 12-10310 (2013).

On May 12, 2014, plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Hall v. United States*, No. 2:14-cv-364-TS (D. Utah). The motion was denied on December 29, 2014. The United States Court of Appeals for the Tenth Circuit denied his request for a certificate of appealability. *United States v. Hall*, No. 15-4008 (10th Cir. 2015). The Supreme

Court denied plaintiff's petition for writ of certiorari on November 2, 2015. *Hall v. United States*, No. 15-6187 (2015).

On March 11, 2016, plaintiff filed a motion to modify his sentence, which was denied on March 24, 2016. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The United States Court of Appeals for the Tenth Circuit denied his request for a certificate of appealability. *United States v. Hall*, No. 16-4049 (10th Cir. 2016).

Plaintiff filed a motion to set aside judgment under Fed. R. Civ. P. 60(d)(3) on January 10, 2018. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The district court construed the motion as an unauthorized second or successive 28 U.S.C. § 2255 motion, and denied it on January 22, 2018.

On November 13, 2018, plaintiff's supervised release was transferred to the United States District Court for the Eastern District of Missouri. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). He filed a motion for early termination on July 12, 2019. The motion was denied on July 29, 2019. On January 8, 2020, following revocation of his supervised release, plaintiff was sentenced to three months' imprisonment and 54 months' supervised release.

Meanwhile, on September 20, 2021, plaintiff filed a motion to set aside judgment in the District of Utah. *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). The district court denied the motion on October 18, 2021, determining that it was an unauthorized second or successive 28 U.S.C. § 2255 motion. Plaintiff filed a notice of appeal, and the district court denied his request for a certificate of appealability on November 12, 2021. The appeal is still pending.

On April 30, 2021, plaintiff's supervised release was again revoked. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). The district court sentenced him to six months' imprisonment and 12 months' supervised release.

On September 20, 2021, plaintiff filed the instant action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, naming six separate defendants: (1) the United States of America; (2) the State of Utah; (3) Washington County Purgatory Correctional Facility; (4) the Davis County Jail; (5) the Iron County Jail; and (6) the Department of Justice. The complaint was typewritten but not on a Court-provided form. It was 20 pages long, and consisted of another 51 pages of exhibits.

In the complaint, plaintiff asserted three grounds for relief. (Docket No. 1 at 3). First, he stated that the "[n]amed defendants did not assure fairness [to him] when making any determinations about [him] with such accuracy, relevance, timeliness, and completeness," in violation of 5 U.S.C. § 552(e)(5). Second, he claimed that the "[n]amed defendants did not assure fairness in any determination relating to the qualification, character, rights, or opportunity [or] benefits to [him] that may be made on the basis of such records, and consequently determination is made which is adverse to [him]," in violation of 5 U.S.C. § 552a(g)(1)(C). Third, plaintiff appeared to be making another collateral attack on his conviction, arguing that his "due process throughout his criminal procedures has been violated…rendering the criminal and revoked supervise[d] release judgment void."

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was deficient for several reasons, including a failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). *See also Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief").

Plaintiff was given the opportunity to file an amended complaint, and provided instructions on how to do so. The Court received the amended complaint on March 3, 2022. (Docket No. 5).

**The Amended Complaint**

Plaintiff's amended complaint is on a Court-provided 42 U.S.C. § 1983 prisoner civil rights form. In the case caption, he names the United States of America, the State of Utah, the Washington County Correctional Facility, the Davis County Jail, the Iron County Jail, and the Department of Justice as defendants. (Docket No. 5 at 1). However, within the body of the complaint, he identifies the defendants as Assistant United States Attorney Paul Kohler, Correctional Guard C. Aldred, Officer K. Larson, the Davis County Jail, and the Iron County Jail. (Docket No. 5 at 2-4).

In his "Statement of Claim," plaintiff asserts that on November 3, 2010, he was arrested for driving under the influence. (Docket No. 5 at 3). When he was pulled over – in Cedar City, Utah – he states that drugs were "found in the spare tire of [his] co-defendant['s] truck." The co-defendant allegedly "took full responsibility for the truck, drugs and money," and stated that plaintiff did not know anything "about what was going on."

According to plaintiff, the State of Utah dropped its charges against him on December 8, 2010. Nevertheless, he states that he "was illegally held" at the Iron County Jail in Cedar City, Utah, from December 8, 2010 to December 20, 2010. On December 20, 2010, plaintiff was moved to the Washington County Purgatory Correctional Facility in Hurricane, Utah. He asserts that he remained there until June 7, 2011, which he terms an "unreasonable detention without any hearings."

On June 8, 2011, plaintiff states that he was transferred to the Davis County Jail in Farmington, Utah. (Docket No. 5 at 6). Despite there being "no case number and no charges," a trial was held on June 9, 2011, resulting in a conviction.

On September 7, 2011, plaintiff returned to Washington County where "there was another probable cause warrantless arrest filed with no charges, [and] no case number." Plaintiff asserts that this amounted to malicious prosecution. He states that he never had an arraignment, that there was a hearing for which he was not present, and that a public defender pleaded not guilty on his behalf without there being any "papers agreeing" to plea.

Plaintiff alleges that U.S. Attorney Kohler "fraudulently misrepresented" that plaintiff "was indicted by a grand jury and falsified the evidence." Because of this, plaintiff purportedly suffered "wrongful incarceration, mental stress, [and] loss of time with family and friends [due] to malicious prosecution." He suggests that this started with the "State of Utah conspiring with the government by and through [the] Davis County Jail," when K. Larson filed a "probable cause warrantless arrest" statement on December 20, 2010. This was followed by another "probable cause warrantless arrest" statement filed on September 7, 2011 by C. Aldred.

With regard to K. Larsen, plaintiff alleges that Larsen wrongfully asked for continued detention even after the State of Utah dropped all charges, leading to his malicious prosecution. (Docket No. 5 at 5). He states that both the Davis County Jail and the Iron County Jail illegally held him without being "able to show any charges," that they refused to honor the Freedom of Information Act, and that they conspired with the government. As to the Department of Justice, plaintiff claims that the Executive Office "state they have no records…to show how plaintiff was convicted," resulting "in a wrongful conviction."

5

Regarding his injuries, plaintiff states that he was maliciously prosecuted, which resulted in wrongful incarceration, mental stress, time away from family and friends, a divorce, the legal seizure of his "body and property," and the violation of his Fourth, Fifth, and Sixth Amendment rights. (Docket No. 5 at 6). He seeks a trial for him to present his evidence, a certificate of innocence, $10,000 in damages for each day he was wrongfully incarcerated, and $50,000,000 in punitive damages. (Docket No. 5 at 7).

## Discussion

In his original complaint, plaintiff appeared to be attacking his prior conviction through a Freedom of Information Act request. Now, in his amended complaint, he brings a 42 U.S.C. § 1983 action alleging malicious prosecution. However, plaintiff has not adequately alleged venue in this Court. Venue over civil actions properly resides only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In this case, plaintiff's allegations concern his allegedly malicious and wrongful prosecution while in the State of Utah. All the factual allegations describe events taking place in Utah, while all the defendants are provided Utah addresses. Plaintiff has shown no connection

6

between the events in the amended complaint and the Eastern District of Missouri. Therefore, venue is not proper here.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(b). Because plaintiff is proceeding pro se, the Court finds that it is in the interest of justice to transfer this case to the United States District Court for the District of Utah.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the District of Utah. *See* 28 U.S.C. § 1406(b).

Dated this 4th day of March, 2022.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE